24-3076. You have three minutes for rebuttal. You may begin whenever you are ready. Thank you, Your Honor. Good morning. My name is Ashok Chandran here from the Federal Defenders on behalf of Dante Petteway. Mr. Petteway was assigned seven criminal history points, placing him in criminal history category four, based entirely on conduct from when he was 16 and 17 years old. His was precisely the kind of case that the Sentencing Commission's policy statement on age was meant for. All right, so let me ask you, we just talked about things that were and were not raised below. So my reading of the, and I can't recall, I'm sorry if you were counsel at the sentencing, but my reading of the sentencing memo below was that it makes a 4A1.3 argument and references the policy statement, the now non-existent policy statement in 5H1.1, but I didn't see an actual either motion for departure, certainly I didn't see a departure request, or even an argument for a variance based on 5H1.1. Am I missing it? Where do I find that? I believe in that same paragraph that trial counsel cited the 4A1.3 basis for a departure Please talk a little bit louder and more slowly. Apologies for that, Your Honor. I believe in that same paragraph that trial counsel raised the 4A1.3 basis for overstating the seriousness of criminal history. Trial counsel also said that whether styled as a departure under 4A1.3 or as a variance, the youthfulness at the time of prior offenses was the basis for a below guideline sentence. Okay, this is on Appendix 19? I believe that's correct, Your Honor. And it says the guidelines include a downward departure, it doesn't ask for one, and it says the court can note that his juvenile offenses increased the level. I guess I'm having a hard time with the extrapolation because I don't see you appealing the denial of the criminal history overstated, which is a departure, right? That's correct, Your Honor. Okay, so we've abandoned the criminal history overstated as a departure and we're going with an aspect of the argument that was raised below as the issue on appeal? Well, by specifically requesting a below guideline sentence, whether as a departure or a variance, and then directing the district court's attention to the 5H1.1 policy statement on age, I believe trial counsel satisfied the obligations of Rule 51 by specifically informing the district court of the action that the counsel wished the district court to take and the basis for that action. And I think that's all that is required under Rule 51, Hogan, Hernandez, and this court's precedent in OMEDA, specifically about policy statements. But if that's right and if the argument was presented to the district court, haven't we said time and time again that we presume that the district court considered the arguments that were made to it and we don't require a recitation that specifically says this argument that is made in this paragraph and is implicitly the basis for a departure argument, I don't agree with for the following reasons? We don't require that, do we? That's true, Your Honor. However, I would point this court to its decision in OMEDA, where specifically on the issue of giving respectful consideration to a policy statement, this court found that it wasn't enough that the trial court was plainly aware of the request and even made a brief inquiry into their policy statement was about consecutive resistance. But reading all of the district court, it didn't go into it very much, but isn't it pretty clear that it was considering the age and all of those things? I mean, now it could have said more, let's be clear, but isn't it pretty clear that it was looking and that's why it gave a sentence at the bottom of the guidelines? I don't believe it was, Your Honor. I think there are two references to Mr. Pettoway's youth at the time of his prior offenses in the sentencing court's transcript. The first comes when the court was describing the offense conduct in those cases and the second comes when the court is describing the history and circumstances of Mr. Pettoway under 3553A1. There's no indication that the court was considering the policy statement or substantive analysis that it requires, which is exactly what this court found insufficient in Olmeda. Again, there too, when the defendant made a request for a concurrent sentence citing, I believe it's 5G1.3, and the district court even made a brief inquiry into the status of the parallel state proceedings, this court found that there was no indication based just on that inquiry that the district court had engaged in the analysis that respectful consideration of a policy statement requires and vacated and remanded the matter for resentencing. Are we on plain error here? I don't believe you are, Your Honor, because again, Mr. Pettoway presented the request and the basis for it to the district court and that's all. Isn't there a difference between an argument that the sentence was unreasonable because of a failure to consider something and an argument that there was an insufficient explanation? I mean, that's the sort of thing where I get a little prickly about the plain error rule and want to ask, well, where is there any incentive for a lawyer to say, oh, judge, you didn't explain why you didn't do this? Because judges are often going to be very happy to explain it if you ask them to explain it. But if you just sit silent and come up on the court of appeals and raise that issue, isn't that exactly what the plain error rule is about? Well, Your Honor, I think the plain error rule in Bill 51 is a functional analysis to ensure that a trial court has an opportunity to address the relevant objections or issues raised by a defendant. Yeah, but there's a difference, isn't there, between the issue of was the sentence fair, where it was presented to the court clearly that there was an argument for why there should be leniency and a specific argument that respectful consideration requires saying something more. In other words, as to that, why shouldn't there be a requirement that plain error applies unless counsel says, Your Honor, I think you may have overlooked this policy statement. And then the district court could say, oh, the sentencing commission supports your argument? Well, that's another matter. Now let me think about that some more. Or else says, no, I'm perfectly aware of that. I just don't think it works here for the following reasons. Giving the judge the opportunity, in other words, to give, to grapple with the... In other words, counsel, isn't this exactly the situation where sandbagging can occur, which is why we have a plain error rule. That is, counsel stays quiet and then comes back later and says, oh, court, you should have done that. And that's an error. Well, counsel could, by saying, court, tell me more, avoid that. And that's a sandbagging that the plain error rule, if nothing else, is there to avoid. Well, respectfully, to both your honors... I don't mean it happened in this case, but it means why we apply the plain error rule. I think that's correct, Your Honor. The purpose of the plain error rule is to avoid sandbagging, which is why, for example, in the cases cited by the government, this court applied plain error when the relevant request was never made to the district court. But here is a situation where the request was specifically made, the basis was cited, and that's precisely what this court held sufficient in Olmeda. Again, there, the exact same situation happened where the defendant made the request for a concurrent sentence, citing the policy statement. The district court briefly inquired as to the status of the trial proceedings and then simply imposed a consecutive sentence without further explanation. This court still treated the issue as preserved for review. I see I'm over my time. I'm happy to address the other issues, if your honors would like. Well, you've saved some substantial time for rebuttal, so we'll see you again. Thank you, your honors. And meanwhile, we'll hear from Mr. Lightenberg. I have the unfair advantage of having heard his name pronounced a few days ago, so I knew how to say that. We'll hear from you, sir. May it please the court. I'm Jim Lightenberg. I'm an assistant United States attorney in the Southern District of New York, and I represent the United States in this appeal. Judge Torres carefully considered Padaway's youth at the time he committed his prior criminal offenses. She stated that Padaway committed prior robberies in his youth. She stated that he is still a young man. She stated her hope that as he grows into adulthood, he will never commit another violent crime. She stated that she considered his history and characteristics, which plainly included his age. She stated that he had spent much of his own youth in jails, demonstrating she knew his convictions were committed as a minor. And she stated that she was taking into account any pertinent policy statement, which included the policy statement regarding the defendant's youth. That record was more than sufficient for Judge Torres to show that she considered Padaway's youth at the time of his prior offenses. No other magic words were required, and as Judge Lynch noted, this court entertains a strong presumption that the sentencing judge has considered all arguments properly presented to her, and the judge is not required to make specific responses to every argument. And since a plain error was brought up, I'll just address that point. This is directly controlled by Villaforte. In Villaforte, the defendant presented a variety of 3553A arguments below, and asked for a below-guideline sentence. The court sentenced the defendant within the guidelines range, and then for the first time on appeal, without objecting below at the time of sentencing, the defendant argued that the judge had failed to adequately consider the 3553A factors, and failed to provide an adequate explanation of the analysis. And this court held on both of those arguments that it was subject to plain error review, and not relaxed plain error review. Rigorous, ordinary plain error review. So the same thing happened here. They may have argued below. They did argue below that the court should consider his use at the time of his prior offenses, but after Judge Torres imposed sentence, and explained her rationale, there was no objection. And for the reasons the court has identified, it's important to create an incentive for defendants to object at that point. The court made this clear in Villaforte. Doing so allows, creates an incentive, and has people bring things to the court's attention at the time of sentencing, so the court can provide a further explanation. That may be, but when I've sat with Judge Nardini, who was a long time prosecutor, he often would say, but wouldn't it be helpful if the government in situations like that would say to the court, can you say a little more? I don't mean it's required, but after all, it could be done, and avoid some of these appeals. Well, here that was totally unnecessary, Your Honor, because as I explained, Judge Torres described at length, over and over again, her consideration of the defendant's use at the time of his prior offenses. So you say it's not even a matter of plain error? No error at all? Well, it's certainly no error at all for the reasons I explained, but plain error should apply under Villaforte. If there are no further questions, I will ask that the judgment be adjourned. Thank you, counsel. Mr. Chandran, we'll hear from you again. You have three minutes reserved. Thank you, Your Honors. Just to start on the plain error point in Villaforte, I think Villaforte is a different situation than this, because at the trial level, trial counsel only argued for a variance on the basis of 3553A1 by citing the history and circumstances of that defendant, rather than making a separate argument about the need to consider other factors as well. That was the basis for this court's finding that the issue wasn't preserved properly for appeal. Here, by contrast, the exact issue that's being advanced here is the consideration of the policy statement that Mr. Pettoway specifically put before the sentence in court. So I think Villaforte is distinguishable, and this case is thus more akin to Olmeda. On whether the district court's references to Mr. Pettoway's offense conduct in his youth and the fact that he had spent some of his youth in prison were sufficient to show adequate consideration, I think they weren't, and I think that's where Delgado and Singh provide helpful guideposts for this court in terms of what it means to give respectful consideration to someone's youth at the time of commission of an offense. There, the court clearly held that the error is in perhaps overstating the seriousness of a prior offense in light of a juvenile non-homicide offender's capacity for change. I think that's from Singh. And in Delgado, this court said it's not enough to simply know or reference the fact that someone is a juvenile, and that's because age, as the Supreme Court has made clear, is far more than just a chronological fact. It has real implications for culpability, for capacity for change, and the overall need for an aggregate sentence. What about the electronic search and supervisor release? We've gotten 28J letters, but that's never been mentioned. Yes, thanks, Your Honor. So if I can pivot to those points, I think both the electronic search condition and the drug treatment condition in this case lacked any individualized assessment that bore a nexus to Mr. Peddoway. So the electronic search condition here was premised simply on the possession of the firearm and the general need to protect the public. Neither one of those conditions is individualized because both, by definition, would apply to any case of a 922G or a 924C, and this court has... We have recently upheld some of those in cases where there was nothing electronic, but where there was a long history of crime. Your suggestion, I take it, that here we don't have that, or at least have it only when he was a child, and so that we must at least, for that, put it in the queue where that is being discussed. Right. I think that's right, Your Honor. This court has never upheld the condition based purely on the number of past offenses. In Thompson, which was the case cited in the government's 28-J letter from Friday, this court noted that it was both the history of recidivism and the nature of those past offenses, so it's both a quantitative and a qualitative assessment, and particularly in that case, I believe... Anyway, we have a whole lot of cases that are waiting to deal with that, so you say that should wait. That's correct, Your Honor, and I just point this court to its decision in Jimenez where, based purely on the fact of four prior convictions, this court found that a search condition was not appropriate. So here, where Mr. Pettoway has three prior convictions, and they're from a far more remote period in time than the convictions in Jimenez were, there's no basis for upholding the condition. How individualized does the review have to be? I've always been puzzled by this. If there is a factor which justifies doing something, you look at the person and you say, gee, factor X tells me that I should impose this condition. Isn't the question for the Court of Appeals whether that fact does or does not justify it? I mean, the idea... It wasn't individualized because that would apply to a lot of people. You said, in fact, yeah, and in every one of those cases, I would have done the same thing because I think that this factor is alone sufficient. So isn't it really a question of the substantive validity of the reason that was given? I would say two things today, Your Honor. First, yes, it's about substantive validity, but the substantive validity has to be something that is not categorically applicable to a particular offense. But why on earth would that be? If it was murder, if someone was, you know, committed a murder and gets a 20-year sentence and supervised release afterwards, and the judge imposes, I guess the electronic search might not be the best example, but imposes something that says murder is... Anybody who's convicted of murder, I think, requires this kind of supervision, the generalized search condition. Say the search condition didn't include an electronic component. I do this in any case of a violent crime. I think that's self-evident that that's appropriate. Why isn't the question whether that's right or wrong? But that would apply to everyone who's convicted of murder, right? I would tell you, Your Honor, that's precisely what this Court rejected in Deutsch and Oliveras. In Oliveras, for example, the district court expressed its view that an electronic search condition would be appropriate in any drug case because, in its view, drug dealers frequently use cell phones or other media to communicate with each other regarding sales or use for other things. And this Court specifically said the district court's responsibility to conduct an individualized assessment is not suspended in those cases. And so the individual... Yeah, I'm just wondering what the individual assessment is supposed to consider. Say, okay, there's five more things about this guy. He was born in Brooklyn, but that doesn't change it. He has, you know, this thing in his favor. He's a kind father, but that doesn't change it. You know, what goes into the individual assessment? That's what puzzles me about this whole line of cases. I hear you, Your Honor. And I think there are a variety of things that could go to it, right? I think there's not a specific nexus, as I think Judge Calabresi mentioned. There's not a requirement that there has to be the use of an electronic device in the case. But in any event, that issue, which Judge Lynch has raised, is the issue that is before the Court in the prior cases to us. It may well be that the prior cases will say, as Judge Lynch has said, that's enough. But here we are way down on the queue. I think that's right. It has been presented in a number of other cases. And I would just note, Judge Lynch, to your point, there are a variety of things that could be individualized enough to make the condition appropriate. So, for example, in Robinson, a case cited by the government, it's the fact that the individual had demonstrated clear difficulties with being honest with law enforcement. There are other cases where there were clear instances of the defendant having difficulties complying with the terms of supervised release or parole. Those kinds of things show additional need for that kind of condition that this Court has affirmed. But here we just don't have any. All right. Thank you, counsel. We'll take that as well under advisement. That concludes our business for the day. With many thanks to our courtroom deputy and our court security officer, we'll stand adjourned. Thank you.